## Backhaus's Estate.

*Decedents' estates—Equitable assignment of interest—Inadequate price—Fraud—Findings of fact—Review.*

A finding of fact by the orphans' court, supported by sufficient evidence, that an agreement upon which an equitable assignment of a son's interest in his father's estate was based, was the result of fraud and concealment, and for a grossly inadequate price, and the disallowance of the claim, will not be reversed by the appellate court in the absence of manifest error.

Argued October 15, 1919. Appeal, No. 34, Oct. T., 1919, by E. W. Eisler, from decree of O. C. Allegheny Co., Sept. T., 1918, No. 636, dismissing exceptions to adjudication in Estate of Frederick Backhaus, deceased. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Exceptions to adjudication.

The court dismissed the exceptions in an opinion by TRIMBLE, J. E. W. Eisler, assignee of heir, appealed.

*Errors assigned* were in dismissing exceptions to adjudication.

*John R. Henninger*, with him *R. F. Sample*, for appellant.

*R. T. M. McCready*, for appellee, was not heard.

PER CURIAM, January 5, 1920:

At the audit of the account of the executors of Frederick Backhaus, deceased, E. W. Eisler, the appellant, as an alleged assignee of George Backhaus, a son of the decedent, made claim to a portion of the moneys in the hands of the accountants. He based his claim upon an agreement made with him by the son, contending that it was an equitable assignment of the son's interest in the fund for distribution. The auditing judge disallowed the claim, on the ground that the agreement which the appellant had procured from the appellee for a sale of his interest in the coal lands belonging to the estate of his father was for a grossly inadequate price; that appellant had assumed confidential relations to the appellee and obtained the agreement or contract from him by surprising him and concealing material facts not known to him. In short, it was found that the enforcement of the agreement against the appellee would, under the testimony taken, be most inequitable. The facts found by the auditing judge were approved by the court in banc, and, as we have not been persuaded that they ought to be determined, this appeal is dismissed, at the cost of the appellant.